UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MELISSA D. :
:
v. : C.A. No. 17-0469-WES
:
NANCY A. BERRYHILL, Acting :
Commissioner of the Social Security :
Administration :

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on October 10, 2017 seeking to reverse the Decision of the Commissioner. On May 23, 2018, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF Doc. No. 13). On July 23, 2018, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 15).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's

Motion to Reverse (ECF Doc. No. 13) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 15) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on July 14, 2014 (Tr. 196-197) alleging disability since April 2, 2014. The application was denied initially on December 1, 2014 (Tr. 116-129) and on reconsideration on April 3, 2015. (Tr. 131-144). Plaintiff requested an Administrative Hearing. On April 26, 2016, a hearing was held before Administrative Law Martha Bower (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 41-76). The ALJ issued an unfavorable decision to Plaintiff on June 2, 2016. (Tr. 18-40). The Appeals Council denied Plaintiff's request for review on August 14, 2017. (Tr. 1-6). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by refusing to accept late-tendered evidence and by failing to properly evaluate her fibromyalgia.

The Commissioner disputes Plaintiff's claims and contends that the ALJ properly exercised her discretion to reject untimely evidence and properly evaluated Plaintiff's fibromyalgia.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must

include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both

sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311

(D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work

if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527©. However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. §

404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

B.  **Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

C.  **Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

## D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all

of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

**1.     Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)  The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4) Treatment, other than medication, for relief of pain;

(5) Functional restrictions; and

(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific

credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.   **APPLICATION AND ANALYSIS**

A.   **The ALJ's Decision**

The ALJ denied the claim in a decision dated June 2, 2016. (Tr. 18-40). At Step 1, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 2, 2014. (Tr. 23). At Step 2, the ALJ determined that lumbar spine degenerative disc disease, an affective disorder, and an anxiety disorder were severe conditions. (Tr. 24). The ALJ determined that asthma, fibroid, gastroesophageal reflux disease (GERD), headaches, benign essential hypertension, fibromyalgia and cholecystectomy were not severe conditions. Id. At Step 3, the ALJ determined Plaintiff did not meet any section of the listing of impairments. (Tr. 25). The ALJ determined that Plaintiff had a residual functioning capacity

> to perform light work as defined in 20 C.F.R. § 404.1567(b) except the following additional limitations: occasional climbing of stairs, ramps, ropes, ladders and scaffolds and occasional balancing, stooping, kneeling crouching and crawling. She must avoid concentrated exposure to pulmonary irritants, unprotected heights and dangerous equipment. She has a limitation in concentration, persistence or pace with the ability to understand, remember and carry out basic tasks that are simple, routine, repetitive and familiar and is limited to object-oriented tasks, with only occasional superficial work-related interactions with supervisors, co-workers and the general public. (Tr. 28).

The ALJ determined at Step 4 that Plaintiff was capable of performing past relevant work as a photo film developer. (Tr. 34). The ALJ therefore found that Plaintiff was not disabled. (Tr. 36). In the alternative, the ALJ identified four unskilled jobs at Step 5 – two light and two sedentary – that Plaintiff could perform. (Tr. 35).

### B. The Late-tendered Evidence

Plaintiff faults the ALJ for declining to accept two documents (a discharge summary and a medical source statement) authored by Ms. Laura Silverman, a treating therapist. (Tr. 78, 82-87). The ALJ determined that the evidence was untimely (submitted less than five business days before the hearing) and that the requirements of 20 C.F.R. § 404.331(b) to accept late-tendered evidence were not met. (Tr. 21). The ALJ accurately noted that the notice for the April 26, 2016 hearing went out on January 19, 2016, that the records were not requested by Plaintiff's counsel until March 25, 2016, and not submitted until April 20, 2016. (Tr. 21, 44). Thus, the ALJ rejected the evidence as untimely. Id.

The so-called "Five-day Rule" is contained in 20 C.F.R. § 405.331(b). The "Five-day Rule" requires that "[a]ny written evidence that you wish to be considered at the hearing must be submitted no later than five business days before the date of the scheduling hearing." In the event of a late filing, the ALJ "may" decline to consider the evidence unless (1) the Commissioner's action misled the claimant; (2) the claimant had a physical, mental, educational or linguistic limitation that prevented earlier submission; or (3) some other unusual, unexpected or unavoidable circumstance beyond the claimant's control prevented him from submitting the evidence earlier. 20 C.F.R. § 405.331(b). This Court has held that the Rule is not meant to be applied "rigorously or rigidly" and analogized the applicable standard to be one of "excusable neglect." See Howe v. Colvin, 1:14-cv-00544-JJM, 2015 WL 7890085 (D.R.I. Dec. 4, 2015).

Plaintiff does not directly argue that the evidence was timely. Rather, she faults the ALJ for not adequately explaining how she calculated the five-day period and the

Commissioner for not providing clear administrative guidance. Plaintiff's arguments fail as the regulation is clear and the ALJ's application in this case is clear and consistent with the regulation.

Plaintiff concedes that "refusing to admit evidence is a discretionary act." (ECF Doc. No. 13 at p. 11). There is also no arguable error in the five-day calculation. The hearing date or triggering event was April 26, 2016, a Tuesday. The evidence was submitted on April 20, 2016, a Wednesday. However, by regulation, it was due five business days <u>before</u> the scheduled hearing date, <u>i.e.</u>, April 19, 2016. Plaintiff's counsel's office also noted the due date as April 19, 2016 on a records request sent to Ms. Silverman. (Tr. 81). Plaintiff has not shown either that the evidence was timely, it was not, or that the ALJ abused her discretion in determining that the requirements of § 405.331(b) for the acceptance of late-tendered evidence were not met. Plaintiff's argument that the late submission was due to an "unavoidable circumstance beyond her control" is simply not supported by the record. The ALJ reasonably found the late submission was due to a delay in requesting the records and a delay in follow-up when the records were not forthcoming. Plaintiff's counsel offered no reasonable explanation for the delay to the ALJ at the hearing and offers no reasonable explanation now.

### C. The ALJ's Evaluation of Plaintiff's Fibromyalgia

At Step 2, the ALJ concluded that Plaintiff's fibromyalgia was a non-severe impairment. She accurately observed that Plaintiff was not diagnosed with fibromyalgia by Dr. Chan until February 2016 and thus did not meet the requisite durational requirement. (Tr. 25). She also noted that Dr. Chan's findings were not supported by Plaintiff's exam

findings, the repeated advice from treating sources that she exercise and increase her physical activity, and her own statements regarding her regular activities. Id. Finally, the ALJ noted that Plaintiff declined Dr. Chan's suggestion of a medication and water therapy to treat her fibromyalgia. (Tr. 32, 59 and 694).

Plaintiff's challenge fails for three reasons. First, and most significantly, it is undisputed that Plaintiff's fibromyalgia does not meet the durational requirement. Pursuant to 20 C.F.R. §§ 404.1509 and 416.909, a non-fatal impairment "must have lasted or must be expected to last for a continuous period of at least 12 months" to qualify as disabling. This duration requirement applies to both the impairment and the inability-to-work requirements of the Social Security Act. See Barnhart v. Walton, 535 U.S. 212, 222-223 (2002). Here, the ALJ accurately notes that Plaintiff was diagnosed with fibromyalgia much less than twelve months before the end of the period adjudicated by the ALJ (Tr. 25, and see Tr. 453, 554 and 694), and made a finding that the fibromyalgia did not satisfy the requisite duration requirement. (Tr. 25). Plaintiff does not challenge this finding or even address its significance in her brief. (See ECF Doc. No. 13 at pp. 15-17).[1] Since it is undisputed and undisputable on this record that Plaintiff's fibromyalgia does not satisfy the durational requirement, Plaintiff's substantive challenge to the ALJ's evaluation of her fibromyalgia is effectively moot.

Second, Plaintiff bears the burden of proof at Step 2, and there are no medical opinions in the record that Plaintiff's fibromyalgia resulted in physical limitations consistent with her statements and inconsistent with the ALJ's RFC finding. See Howcroft v. Colvin,

---

[1] Plaintiff also elected not to file a reply brief to controvert the Commissioner's position that the ALJ's duration-requirement finding is unchallenged and dispositive.

Case No. 15-201-WES, 2016 WL 3063858 at *12 (D.R.I. April 29, 2016). Finally, in the RFC finding, the ALJ determined that Plaintiff could only perform a limited range of light work subject to several physical and mental limitations. (Tr. 28). In making this finding, the ALJ acknowledged the obligation to consider all medically-determinable impairments including ones found not severe such as fibromyalgia in this case. (Tr. 23). Plaintiff does not identify any specific, functional work-related limitations resulting from her fibromyalgia that go beyond the limitations assessed by the ALJ in her RFC finding. Defendant thus argues that any such arguments have been waived. (ECF Doc. No. 15-1 at p. 13). Since Plaintiff elected not to file a reply brief, these specific arguments are unopposed. While the Court does not find a waiver, it must conclude that Plaintiff's challenge is effectively an academic exercise without the identification of any evidentiary support in the record for a more restrictive RFC finding.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF Doc. No. 13) be DENIED and that Defendant's Motion to Affirm (ECF Doc. No. 15) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 17, 2018